**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JENNIFER BAYS**                                                         **PLAINTIFF**

**V.**                                          **NO. 3:15CV00053-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**ORDER ON MOTION FOR ATTORNEY'S FEES**

Before the Court is Plaintiff's Amended Motion for Attorney Fees [27] filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [23] dated October 28, 2015, this Court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks an award of fees made payable to her counsel in the amount of $5,400.00, representing 27 hours of Plaintiff's attorney's time at a rate of $200.00 per hour, on the grounds that she was the prevailing party, and the Commissioner's position was not "substantially justified."

The Commissioner objects to the fee request to the extent that 1) 8 of the 27 hours of attorney time reported represents work performed at the administrative level; 2) Plaintiff has provided no justification for an enhanced statutory hourly rate of $200.00; and 3) precedent requires that EAJA fees be made payable to the client, not her counsel. Plaintiff has provided no reply to these objections.

First, for the reasons stated in the Commissioner's response, the 8 hours counsel spent on work during administrative proceedings will not be allowed. Next, counsel has provided the Court with no argument or support for enhancement of the $125.00 per hour statutory rate

provided for in the EAJA. Nevertheless, in *Fowler v. Colvin*, No. 4:14cv39-JMV, 2014 WL 7187086, at *2 (N.D. Miss. Dec. 17, 2014), this Court pointed out that "in view of the obvious fact that the cost-of-living has increased since amendment of the [EAJA] statute in March 1996, an increase in the statutory maximum hourly rate for inflation is appropriate . . . ." Accordingly, the Court in its discretion finds the statutory cap in this case should be increased to $188.77.[1] Plaintiff has provided no legal authority in support of a higher rate. Finally, in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010), the Supreme Court held that EAJA fees are payable to litigants. *Ratliff*, 130 S.Ct. at 2528.[2] Therefore, based on this authority and because Plaintiff offered no reply to the Commissioner's objection, the Court finds it is appropriate to direct that payment be made to the client.

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to the Plaintiff $3,586.63 in attorney's fees for the benefit of counsel for Plaintiff.

This, 10th day of February, 2016.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] According to the regional index published by the Bureau of Labor Statistics on its website, the Consumer Price Index ("CPI") for the South urban region was 152.4 in March 1996 (when the $125 statutory cap was instituted). The annual regional CPI figure for 2015 was 230.147. This is a significant increase in the cost of living since March 1996 and, therefore, justifies an increase in the hourly rate for attorney's fees. Ultimately, this increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $188.77 in this case (230.147 x 125/152.4).

[2] The result is that attorney fees awards are subject to offset where the claimant has outstanding federal debts. *Ratliff*, 130 S.Ct. at 2528.