# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JENNIFER BAYS                                                       PLAINTIFF

V.                                                                             NO. 3:15CV00053-JMV

COMMISSIONER OF SOCIAL SECURITY                            DEFENDANT

## **O R D E R**

      Jennifer Bays filed this civil action on April 8, 2015, to appeal the Commissioner's denial of disability benefits. This Court entered a Judgment [23], dated October 28, 2015, that remanded the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). By Order [30] dated February 10, 2016, the Court granted in part and denied in part Plaintiff's motion for an award of fees under the Equal Access to Justice Act ("EAJA") and awarded a total of $3,586.63 in attorney's fees for 19 hours of attorney time to Plaintiff for the benefit of her counsel.

      Now, counsel for Plaintiff returns with the instant Motion for Attorney Fees [31] pursuant to 42 U.S.C. § 406(b) and § 1383(d)(2). Counsel reports Plaintiff was successful on remand in obtaining an award of past-due benefits and seeks authorization of both a fee of "$8,157.00, representing twenty-five percent of the past due benefits due Plaintiff" and a fee of $3,023.00, which represents counsel's "fee from the auxiliary family benefits paid to . . . the minor child of Plaintiff." Counsel is careful to point out, however, that the Agency has already paid him $6,000.00 in fees for his work at the Agency level. In her response [32], the Acting Commissioner questions counsel's request, arguing that 1) the fee contract submitted by counsel does not address fees for Federal court work; 2) the Agency has already paid counsel an amount representing the full amount recoverable for work before the Agency; and 3) counsel has failed to present sufficient

evidence of the amount of past-due benefits awarded to Plaintiff's minor child.

While fees under the EAJA are statutorily capped, fees under § 406 are limited to reasonableness and may be no more than twenty-five percent of past-due benefits. *See* 42 U.S.C. § 406(b)(1). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994). A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1] An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Id.* at 796. Additionally, the combined fees under §§ 406(a) (administrative fees) and 406(b) (federal court fees) may not exceed twenty-five percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Counsel for Plaintiff did not timely file a reply to the Acting Commissioner's response.

---

[1] In *Gisbrecht*, the Supreme court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

Nevertheless, the undersigned issued a Show Cause Order [33] that required Plaintiff's counsel to address certain of the issues raised by the Acting Commissioner and an additional concern of the Court, i.e., whether counsel's delay in requesting fees was reasonable, considering his fee petition had been filed nearly a year after an award of benefits to the claimant and her minor child. Counsel filed his response [35] to the Show Cause Order on December 11, 2017. Having fully considered the same and the record and the applicable law, the undersigned is of the opinion that counsel should be awarded § 406(b) fees.

First, with regard to the issue of timeliness, the Court accepts counsel's representation that he did not realize that funds were being held by the Agency "in anticipation of" counsel's filing of a petition under § 406(b) until he received a call from the Agency. Furthermore, by all appearances, the funds remain on hold for the payment of any fees awarded by this Court. Second, the Court finds that a fair reading of the contingency-fee contract indicates the parties to the contract envisioned that counsel would be entitled to fees for "winning" the claimant's case at any point after counsel's agreement to appeal the first ALJ decision denying benefits. Finally, with regard to proof of the total amount of benefits awarded the claimant's minor child, counsel has now submitted ample proof of the same.

Having determined that an award of fees is appropriate in this case, the Court now turns to whether the amount requested is proper. Here, counsel asks for a total award of $5,180.00 (the balance after subtracting the $6,000.00 already paid by the Agency) from fees withheld by the Agency from the claimant's and minor's past-due benefits. An award of $5,180.00 would result in an effective rate of $272.63 per hour for the 19 hours of reasonable work expended by counsel before this Court. *See* Order [30]. Counsel states that he will refund to his client the amount of the EAJA fees awarded earlier by this Court. The Court finds the amount requested by counsel does

3

not contravene the limit that may be awarded under § 406(b) and is reasonable.

Indeed, several factors weigh in favor of a finding that the fee is reasonable. First, counsel has presented a contingency-fee agreement signed by Plaintiff, wherein Plaintiff acknowledges her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court. Second, counsel successfully argued this case before this Court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals[2]. Fourth, Plaintiff's counsel has demonstrated he is an experienced Social Security attorney, and there are no indications of undue delay in the record on his part. Fifth, the § 406(a) and (b) fees (($6,000.00 and $5,180.00, respectively) combined will not consume more than twenty-five percent of the claimant's and her child's past-due benefits; and, the § 406(b) fees alone amount to just under eleven percent of said benefits.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for attorney's fees is granted, and Plaintiff's counsel is hereby awarded $5,180.00, which is to be paid from the claimant's and her minor child's past-due benefits withheld by the Agency.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, upon receipt of this award, shall refund to Plaintiff the EAJA fees previously awarded in this case in the amount of $3,586.63.

This, the 19th day of December, 2017.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[2] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).